# IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

| | | |
|---|---|---|
| **CORNELIUS DAVIS, M.D.** | : | Case No: LACE127285 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **GENESIS HEALTH SYSTEM d/b/a** | : | **ORIGINAL NOTICE** |
| **GENESIS HEALTH GROUP, an** | : | |
| **Iowa Non-Profit Corporation;** | : | |
| **GENESIS HEALTH SYSTEM;** | : | |
| **GENESIS MEDICAL CENTER-** | : | |
| **DAVENPORT** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**TO:** **Genesis Health System d/b/a Genesis Health Group**
**c/o Thomas S. Dean – Registered Agent**
**1227 East Rusholme Street**
**Davenport, Iowa 52803**

You are hereby notified that on February 12, 2016, there is now on file in the office of the Clerk of the above Court a "Petition-at-Law" a copy of which is attached hereto. Plaintiff's attorney is Michael M. Sellers, of Sellers, Galenbeck & Nelson, 400 Locust Street, Suite 170, Des Moines, Iowa 50309, Email msellers@sgniowalaw.com Telephone (515) 221-0111, Fax (515) 221-2702.

This case has been filed in a county that uses electronic filing. By law we are required to direct the recipient of this notice to the Iowa Rules of Court Chapter 16 which has more information regarding electronic filing and Division VI of Chapter 16 which also has information regarding the protection of personal information.

You are further notified that unless, within 20 days after service of this "Original Notice" upon you, you serve and, within a reasonable time thereafter, file a motion or answer in the Iowa

1

District Court in and for Scott County, at the Courthouse in Davenport, Iowa, judgment by default

will be rendered against you for the relief demanded in the "Petition-At-Law."

Scott County Clerk of Court
Scott County Courthouse
400 W 4th Street
Davenport, Iowa 52801

**NOTE 1:**  The attorney who is expected to represent Defendant should be promptly advised by Plaintiff of the service of this "Original Notice."

**NOTE 2:**  If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at (515) 286-3394.  [If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942.]

# STATE OF IOWA JUDICIARY

*Case No.* LACE127285

*County* Scott

*Case Title* DAVIS CORNELIUS VS GENESIS HEALTH SYSTEM

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(563) 328-4145** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued* 02/15/2016 08:29:23 AM



*District Clerk of* Scott      *County*

/s/ Gaby Raya

IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

| | | |
|---|---|---|
| **CORNELIUS DAVIS, M.D.** | : | Case No: LACE 127285 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **GENESIS HEALTH SYSTEM d/b/a** | : | **PETITION-AT-LAW** |
| **GENESIS HEALTH GROUP, an** | : | |
| **Iowa Non-Profit Corporation;** | : | |
| **GENESIS HEALTH SYSTEM;** | : | |
| **GENESIS MEDICAL CENTER-** | : | |
| **DAVENPORT** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**COMES NOW** the Plaintiff, Cornelius Davis, M.D. (Dr. Davis) and for his cause of action against the Defendants jointly and severally states to the Court that:

## FACTS COMMON TO ALL DIVISIONS

1.     Dr. Davis is and has been at all material times herein, a resident of Scott County, Iowa.

2.     The Corporate Defendants are and have been at all times material hereto, located in and had their principal places of business in Scott County, Iowa.

3.     Genesis Health System d/b/a Genesis Health Group; Genesis Health System; and Genesis Medical Center are each Iowa Corporations duly authorized by law to do business within the State of Iowa.

4.     All of the acts complained of herein occurred in Scott County, Iowa.

5.     Dr. Davis is a Board Certified Cardiothoracic and Vascular Surgeon, duly licensed to practice medicine in the State of Iowa who practiced his specialty medical practice in the Houston, Texas area for over ten years.

6. On October 4, 2012, and October 5, 2012, Dr. Davis was invited by Genesis Health System officials to interview for a position as a cardiothoracic surgeon with the Defendants followed by a second recruitment trip with Dr. Davis' wife on November 5, 2012, and November 6, 2012.

7. Dr. Davis was advised that the Defendants wanted him to utilize leadership skills to regenerate and expand their continuously declining cardiac surgical business.

8. All the Defendants knew this would involve uprooting Dr. Davis' four school age children and his family to a new area of the country but offered attractive income and benefits that Dr. Davis and his family could not decline.

9. Dr. Davis entered into a written contract of employment with Defendant Genesis Health Group (GHG) dated January 16, 2013.

10. After licensing and credentialing by Genesis Medical Center (GMC) and health insurer credentialing Dr. Davis commenced operating as a Genesis employed (GHG) surgeon on July 22, 2013.

11. Due to inadequate equipment in the operating room minor complications arose with the first case.

12. Dr. Davis was not told by GMC Administration or by GHG or by GMC medical staff of inadequate physical equipment, insufficiently trained surgical support staff, historic internecine battles between outside independent physician groups and Genesis employed physicians and numerous other complex internal group and individual disputes prior to the offer and acceptance of employment.

13. Dr. Davis' work was micro-monitored from the beginning with persistent competitive inappropriate complaints and requirements for reviews of procedures and cases.

14. With no opportunity to defend or even discuss complaints or concerns, no hearings and no opportunity to procure outside professional expert opinions regarding unilateral complaints

by undisclosed opposition, Dr. Davis' detractors organized and procured an abrupt summary suspension of Dr. Davis' surgical privileges after only seven months of work at the Genesis Medical Center.

15.     GMC Administration and its medical staff commenced and pursued a sham peer review process against Dr. Davis. GMC and GHG continuously deprived Dr. Davis of mandatory procedural due process protections from undisclosed efforts to undermine and destroy any opportunity for Dr. Davis to develop and conduct his medical and surgical practice at GMC.

16.     On February 14, 2014, Dr. Davis was sent a certified letter stating that the Genesis Medical Executive Committee (MEC), with the knowledge and direct participation of GMC administration, had decided to suspend all of Dr. Davis' clinical privileges. On March 3, 2014, Dr. Davis was informed that the MEC had decided to, "... continue your suspension until the pending investigation is concluded." This was a summary suspension putatively pursuant to the Genesis Corrective Action and Fair Hearing Plan (GCAFHP).

17.     Genesis failed to comply with its own by-laws and written employment agreement provisions and provisions of federal law requiring due process procedures to prevent the taking of a person's property interests in the employment contract without due process of law.

18.     Medical Staff Bylaws in Iowa serve as a contract between a physician employee and a hospital. Also, in this case Dr. Davis entered into a three-year written contract of employment with GHG and Genesis Health System (GHS).

19.     On June 22, 2015, the employment contract between GHG and Dr. Davis was unilaterally and illegally terminated without good cause and in violation of the rights of Dr. Davis to enjoy the benefits of that contract and to be protected from improper termination.

20.     After the sham peer review was enforced and the termination completed Dr. Davis vigorously attempted to demonstrate to GHG and GHS that all of the alleged shortcomings cited by

the groups were baseless. However, GHG, GMC, and GHS refused to remedy the harm they had caused. Those actions prevent Dr. Davis from being eligible to seek employment as a physician elsewhere.

21.     Dr. Davis was repeatedly deprived of his due process rights under the terms of the Genesis Medical Center Medical Staff Bylaws "Corrective Action and Fair Hearing Plan." (CAFHP).

## COUNT I
## BREACH OF CONTRACT

22.     Dr. Davis hereby repeats paragraphs 1-21 of this Petition as though said paragraphs were fully set forth herein.

23.     Dr. Davis was coerced to join GMC and GHG with promises of developing a new and expanded cardiac program in the Quad Cities, however GMC provided no resources to assist Dr. Davis in developing that business. This lack of capacity was later used against Dr. Davis.

24.     Without notice and without the knowledge or participation of Dr. Davis, an investigation and undisclosed disciplinary steps were taken by GMC; GMC medical staff; GMC administration and by GHG in violation of the GMC hospital medical staff bylaws and in violation of the GHG contract. Said steps were also in violation of federal statutory due process provisions.

25.     The failure to notify Dr. Davis of the "peer review" was intentional and was orchestrated between GHG and the GMC hospital's administrators and medical staff officials.

26.     Incomplete and inaccurate information was provided to an outside file reviewer resulting in inaccurate and erroneous file review opinions.

27.     Iowa recognizes the implied covenant of good faith and fair dealing in business employment contract proceedings. GHG violated the covenant of good faith and fair dealing in its action to terminate Dr. Davis' contract. They breached their duty to Dr. Davis not to terminate his contract without good cause. GHG denied the request by Dr. Davis of his right to have his

employment protected by a review of the basis of the termination as provided in his employment contract.

28.     As a direct and proximate result of the improper sham peer review processes employed by GMC and its administration and staff, Dr. Davis was terminated from his GHG contract. His reputation, business and medical career have been destroyed. He has suffered past and future loss of earnings and earning capacity. He and his family have suffered severe emotional distress and pain and suffering.

## COUNT II
## TORTIOUS INTERFERENCE

29.     Dr. Davis hereby repeats paragraphs 1-28 of this Petition as though said paragraphs were fully set forth herein.

30.     The actions of GMC coerced Dr. Davis from an established and reputable practice and GMC failed to provide the necessary support for Dr. Davis' anticipated expanded practice.

31.     The actions of GMC and its medical staff and its administration directly interfered with and were the sole basis for the termination of the employment contract between Dr. Davis and GHG.

32.     The actions of GMC and its administration and medical staff in the conduct of their sham peer review had as their intentional objective and purpose, the termination of the employment contract between Dr. Davis and GHG, which they accomplished.

33.     As a direct and proximate result of the tortious actions of GMC and its administration and medical staff, Dr. Davis' contract with GHG was improperly terminated and his business, reputation, and career have been destroyed.

34.     GMC and its medical staff and administration knew that their actions to sanction the hospital privileges of Dr. Davis would result in the termination of the separate employment contract of Dr. Davis with GHG.

35.     Dr. Davis has suffered enormous irreparable monetary, reputation, and emotional damages as a result of the actions of GMC; GHG and GHS.

36.     Dr. Davis' relationship with his patients and his relationship with the referral base of physicians who referred cases to him was and is a personal professional relationship with substantial economic value.

37.     The actions of each Defendant in causing the suspension of Dr. Davis' hospital privileges at GMC and the making of multiple false reports and the attempt to prevent Dr. Davis from practicing in the Quad Cities area and the interference by Defendants with the employment of Dr. Davis with GHG were each and all actions that constitute intentional wrongful or tortious interference with Dr. Davis' prospective contractual and economic relations with his patients, his referral base, and with GHG.

38.     Each Defendant had actual knowledge of the existing contracts and economic relations that Dr. Davis had with his patients, with referring physicians, and with GHG. Each Defendant's actions constituted intentional interference with existing contracts or contractual relations.

39.     As a direct and proximate result of the actions of each Defendant, Dr. Davis has suffered and continues to suffer enormous economic, reputation, career and other injuries and damages including emotional distress and mental anguish.

40.     Each Defendant acted intentionally, willfully, or wantonly and should be assessed punitive damages for their actions to discourage similar conduct on the part of each Defendant but also on the part of others similarly situated in the future.

**WHEREFORE**, Dr. Davis requests judgment against each Defendant for an amount that will fairly and reasonably compensate him for his injuries, damages and losses which he has suffered as a result of each Defendant's conduct and punitive damages in an amount that would deter each Defendant and others similarly situated from participating in similar conduct in the future.

Wherefore, Dr. Davis requests judgement against the Defendants jointly and severally for every element of damage suffered by him and for other relief and damages deemed just and appropriate by the Court and for the costs of this action.

Respectfully Submitted,

/S/ Michael M. Sellers
Michael M. Sellers, Attorney (AT0007058)
Sellers, Galenbeck and Nelson
An Association of Sole Practitioners
400 Locust Street, Suite 170
Des Moines, Iowa 50309-2351
Telephone: (515) 221-0111
Fax: (515) 221-2702
E-mail: msellers@sgniowalaw.com
Contact E-mail : kheadrick@sgniowalaw.com

**ATTORNEY FOR PLAINTIFF**

**ORIGINAL FILED**