IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| CORNELIUS DAVIS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:16-cv-00022 |
| | ) | |
| v. | ) | |
| | ) | |
| GENESIS HEALTH SYSTEM d/b/a | ) | **ANSWER** |
| GENESIS HEALTH GROUP, an | ) | |
| Iowa Non-Profit Corporation; | ) | |
| GENESIS HEALTH SYSTEM; | ) | |
| GENESIS MEDICAL CENTER- | ) | |
| DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Genesis Health System, Genesis Health System d/b/a Genesis Health Group and d/b/a Genesis Medical Center-Davenport (hereinafter "GHS")[1], by and through their attorneys, Lane & Waterman LLP, and for Answer to Plaintiff's Petition, state:

## FACTS COMMON TO ALL DIVISIONS

1.      Deny for lack of information the allegations of paragraph 1.

2.      Admit Genesis Health System's principal place of business is in Scott County, Iowa, but deny the remaining allegations of paragraph 2.

3.      Admit Genesis Health System is an Iowa corporation, but deny Genesis Medical Center is a separate corporation and any remaining allegations of paragraph 3.

4.      Admit the allegations of paragraph 4.

---

[1] Genesis Medical Center – Davenport is not a proper Defendant.  It is part of Genesis Health System and is not a separate legal entity.

5.      Admit Plaintiff was a Board Certified Cardiothoracic and Vascular Surgeon who became licensed to practice medicine in the State of Iowa at the relevant times asserted in the Petition, but deny for lack of information the remaining allegations of paragraph 5.

6.      Admit the allegations of paragraphs 6.

7.      Deny the allegations of paragraph 7.

8.      Deny the allegations of paragraph 8.

9-10.   Admit the allegations of paragraphs 9 and 10.

11.     Admit complications arose with Plaintiff's first case, but deny the remaining allegations of paragraph 11.

12.     Deny the allegations of paragraph 12.

13-15.  Deny the allegations of paragraphs 13 through 15.

16.     Admit Dr. Davis was sent a certified letter on February 14, 2014 and Genesis informed Dr. Davis of the March 3 decision, but deny the remaining allegations of paragraph 16.

17.     Deny the allegations of paragraph 17.

18.     Deny the allegations of paragraph 18.

19.     Admit the employment contract was terminated but deny the remaining allegations of paragraph 19.

20-21.  Deny the allegations of paragraphs 20 and 21.

**COUNT I**
**BREACH OF CONTRACT**

22.     GHS re-pleads its answers to paragraphs 1 through 21 as if fully set forth herein.

23-28.  Deny the allegations of paragraphs 23 through 28.

## COUNT II
## TORTIOUS INTERFERENCE

29.     GHS re-pleads its answers to paragraphs 1 through 28.

30-40.  Deny the allegations of paragraphs 30 through 40.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      GHS is entitled to immunity pursuant to the Health Care Quality Improvement Act.

3.      GHS is entitled to attorneys' fees because it met the standards for professional review actions pursuant to the Health Care Quality Improvement Act.

4.      Any action taken by GHS towards the Plaintiff has been for lawful and legitimate reasons.

5.      At all times relevant hereto, GHS acted in good faith with regard to Plaintiff's employment contract and had reasonable grounds for believing its actions were not in violation of the law.

6.      Plaintiff's claims are barred by the doctrines of laches and waiver.

7.      Plaintiff is estopped from claiming a violation of Defendant's bylaws.

8.      GHS appropriately followed the requirements for a fair hearing and appeal process, such that Plaintiff's claims are barred.

9.      Plaintiff has failed to exercise due diligence in mitigating his damages, if any.

10.     GHS reserves the right to amend its Answers to add additional Affirmative Defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

WHEREFORE, GHS prays that Plaintiff's Petition be dismissed in its entirety with an award of GHS' attorneys' fees incurred in the defense of this matter and for such other relief as this Court deems just and proper.

3

DEFENDANTS DEMAND A TRIAL BY JURY.


Dated:  March 16, 2016                          **LANE & WATERMAN LLP**


By   /s/ Mikkie R. Schiltz
    Robert V. P. Waterman, Jr., AT0008339
    Mikkie R. Schiltz, AT0007038
220 North Main Street, Suite 600
Davenport, IA  52801
Telephone: (563) 324-3246
Facsimile:  (563) 324-1616
Email:  bwaterman@l-wlaw.com
Email:  mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 16, 2016,</u> I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

Michael M. Sellers
Sellers, Galenbeck and Nelson
400 Locust Street, Suite 170
Des Moines, Iowa  50309
E-mail:  msellers@sgniowalaw.com

**LANE & WATERMAN LLP**

By ___/s/ Mikkie R. Schiltz_____
