IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CORNELIUS DAVIS, M.D. <br><br> Plaintiff, <br><br> vs. <br><br> GENESIS HEALTH SYSTEM d/b/a GENESIS HEALTH GROUP, an Iowa Non-Profit Corporation, GENESIS HEALTH SYSTEM, and GENESIS MEDICAL CENTER – DAVENPORT, <br><br> Defendants. | No. 3:16-cv-00022 <br><br><br> **ORDER** |

This matter comes before the Court on the plaintiff's motion to remand. The plaintiff, Dr. Cornelius Davis, originally filed suit in the Iowa District Court in and for Scott County. The defendant, Genesis Health System, removed the case to this Court on March 9th, 2016, and Dr. Davis moved to remand on March 25th. Genesis resists the motion.

## I. BACKGROUND

Taking Dr. Davis's allegations as true, he worked as a cardiothoracic surgeon for Genesis beginning in July 2013. His time with Genesis was rocky; Genesis suspended his surgical privileges seven months after he started work, and fired him in June 2015. He filed suit in state court, alleging two causes of action: breach of contract and tortious interference. His petition referenced federal law twice, each time broadly asserting that Genesis failed to follow federal statutory due process procedures. The parties understand these references to be to the Health Care Quality Improvement Act, which immunizes health care entities against damages "with respect to" their decisions regulating physicians' clinical privileges. 42 U.S.C. §§ 11111, 11112, & 11151. Citing those passages, Genesis removed the case to this Court.

## II. ANALYSIS

This Court has federal question jurisdiction over state law claims only if the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial." *Grable & Sons Metal Products, Inc., v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). That issue must appear "in the plaintiff's statement of his own claim…, unaided by anything alleged in anticipation of… defenses." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). Dr. Davis explains his references to federal law as "anticipation of a possible defense of immunity." His complaint, therefore, "presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense [it] may raise." This Court does not have jurisdiction over such cases. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also Garib-Bazain v. Hospital Español Auxilio Mutuo, Inc.*, 773 F.Supp.2d 248, 254 (D. P.R. 2011) ("While it is true that the HCQIA might be involved in the final determination of this case, it will be so only because defendants have raised the immunity provisions as an affirmative defense… But… federal jurisdiction cannot be predicated on an actual or anticipated defense."); *Murtin v. St. Mary's Good Samaritan, Inc.*, No. 12-CV-1077-WDS, 2013 WL 1663866, at *5 (S.D. Ill. Apr. 17, 2013) (rejecting the argument that "plaintiff's claims necessarily raise federal issues because plaintiff must establish the absence of [HCQIA] immunity as an essential element of his claims").

### III. CONCLUSION

**IT IS ORDERED** that the plaintiff's March 25th, 2016, motion to remand to state court is **GRANTED**. This case is remanded to the Iowa District Court in and for Scott County.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA